IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

OPERATING ENGINEERS LOCAL NO 37          *
HEALTH AND WELFARE FUND,
by Robert Holsey, Trustee                *
3615 North Point Boulevard, Suite C
Baltimore, Maryland 21222                *

OPERATING ENGINEERS LOCAL NO 37          *
PENSION FUND, by Robert Holsey, Trustee
3615 North Point Boulevard, Suite C      *          CIVIL ACTION NO. _____
Baltimore, Maryland 21222
                                         *

OPERATING ENGINEERS LOCAL NO 37          *
SEVERANCE AND ANNUITY FUND,
by Robert Holsey, Trustee                *
3615 North Point Boulevard, Suite C      *
Baltimore, Maryland 21222
                                         *

INTERNATIONAL UNION OF OPERATING         *
ENGINEERS, LOCAL 37                       
3615 North Point Boulevard, Suite A      *
Baltimore, Maryland 21222                *

BALTIMORE BUILDING &                     *
CONSTRUCTION TRADES COUNCIL
5913 Harford Road                        *
Baltimore, Maryland 21214
                                         *

                 Plaintiffs              *

vs.                                      *

THREE PHASE LINE CONSTRUCTION, INC.      *
800 South Douglas Road
No. 1200                                 
Coral Gables, Florida 33134              *

          d/b/a                          *

3P UTILITY SERVICES                      *
2727 Pulaski Highway
Edgewood, Maryland 21040                 *

**SERVE ON:**                                      *
    Resident Agent
    CSC – Lawyers Incorporating          *
    Servicing Company
    7 St. Paul Street, Suite 820          *
    Baltimore, Maryland 21202
                               *

AND                                                *

ROBERT E. APPLE, Individually
800 South Douglas Road,                            *
Penthouse
Coral Gables, Florida 33134
                                 *

    Defendants

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

### INTRODUCTION

1.      This is an action to: (a) enforce the terms of a collective bargaining agreement, (b) collect delinquent employer contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., (c) recover diverted employee wage deductions under the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Employ. Art., Sec. 3-501, et seq., and (d) enjoin future violations of the collective bargaining agreement, ERISA, and MWPCL.

### JURISDICTION

2.      This Court has subject matter jurisdiction of Counts I-IV pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of Counts V and VI pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

3.     This Court has supplemental jurisdiction over Counts VII-XII, which assert matters so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367.

## PARTIES

4.     Plaintiff Operating Engineers Local No. 37 Health and Welfare Fund ("Health Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Health Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  Operating Engineers Local No. 37 Vacation Fund, an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), merged into the Health Fund. Therefore, wage deductions for vacation benefits are paid to the Health Fund. The vacation deductions are in addition to required contributions for health and wealth benefits.

5.     Plaintiff Operating Engineers Local No. 37 Pension Fund ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

Robert Holsey is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Plaintiff Operating Engineers Local No. 37 Severance and Annuity Fund ("Annuity Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Annuity Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Annuity Fund, which joint board of trustees is the plan sponsor of the Annuity Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.      Plaintiff International Union of Operating Engineers, Local 37 ("Union") is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

- 4 -

8.      Plaintiff Baltimore Building & Construction Trades Council ("Council") is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a).  Further, plaintiff Council is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

9.      Defendant Three Phase Line Construction, Inc. ("Three Phase Line"), in Maryland doing business as 3P Utility Services ("3P"), is a corporation that employs members of the Union to work on various projects in the mid-Atlantic area, including within this judicial district.

10.     Defendant Robert E. Apple is the president of Three Phase Line ("President"), and in his capacity as such, exercises authority and control respecting the unpaid employee fringe benefit contributions and diverted wage deductions owed to Plaintiffs, described herein.  Further, defendant President has substantial financial control over both Three Phase Line and 3P.

## COLLECTIVE BARGAINING AGREEMENT

11.     At all times relevant to this action, 3P was subject to a collective bargaining agreement ("CBA") with the Union.  The CBA provides for the rates of pay, wages, hours of employment, and other conditions of employment for 3P's employees covered by said CBA.  The CBA specifically provides for the payment by 3P to the Health Fund, Pension Fund, and Annuity Fund of specified sums of money for each hour worked by each of 3P's employees covered by said CBA.  All payments are to be made by the 15th day of each month following the

7488737.2 97097/105095 01/17/2020

month in which the hours were worked, and such payments are to be accompanied by a

remittance report showing the hours worked by each covered employee, the gross wages for such

employees and the amounts owed to each Fund.

      12.    The CBA further provides for certain authorized deductions from the

wages of 3P's employees. Specifically, union dues and Target contributions are to be deducted

from employees' wages and remitted to the Union; contributions to the Council are to be

deducted from employees' wages and remitted to the Council; and vacation contributions are to

be deducted from employees' wages and remitted to the Health Fund.

      13.    The CBA further provides that 3P shall permit an audit of its wage and

business records, whenever requested by the Funds, at any reasonable time during the business

hours of the employer.

      14.    The CBA further provides that 3P accepts the terms and provisions of the

Agreement and Declaration of Trust ("Trust Agreement") for each plaintiff described in

paragraphs 4-6 (collectively, "Benefit Funds"), and that such Trust Agreements are incorporated

by reference into the CBA.  The CBA further provides that 3P ratifies, confirms, approves, and

consents to all of the lawful acts of the Trustees of the Benefit Funds to carry out the

administration of the Benefit Funds.  The Trust Agreements give the Trustees the power to make

rules establishing procedures for the collection of delinquent contributions.  In accordance with

the Trust Agreements, the Trustees adopted Delinquency Procedures, under which the Trustees

are authorized to estimate the amount of any unpaid monthly contributions by averaging the

monthly payments owed by an employer for the last one, three, six, or twelve months for which

payments were made, whichever average is greater.  The Delinquency Procedures further

provide that, in the event an employer is thirty days or more late in making a required

contribution, and has failed to submit its regular remittance reports showing the employees and the hours for which contributions are due, the Trustees may (but are not obligated to) use projected monthly averages as estimates of the contributions due for the delinquent months and for subsequent delinquent months.  Projected averages determined under the Delinquency Procedures may be used by the Trustees for purposes of any suit, and no other proof need be furnished by the Trustees to any court to compute the total payments due from an employer for all delinquent months.

### ERISA SECTION 502(g)

15.     Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  The CBA provides that interest at the rate of eighteen percent (18%) per year applies to delinquent contributions to the Health Fund, Pension Fund, and Annuity Fund and that liquidated damages in the amount of twenty percent (20%) will be assessed on the principal amount of such delinquent contributions payments.  The CBA also provides that an employer that is delinquent will be responsible for reasonable attorneys' fees and costs incurred in collecting the delinquent contributions.

### MARYLAND WAGE PAYMENT AND COLLECTION LAW

16.     Section 3-507.2 of the MWPCL, Md. Code, Lab. & Empl. Art., § 3-507.2, provides that if an employer fails to properly pay or deduct wages, an action may be brought against the employer, and the court may award an amount up to three times the amount owed, and attorneys' fees and costs.

**Count One**
**ERISA Section 515 Claim of Health Fund Against 3P**

17.     Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-16.

18.     3P has failed and refused to file reports and pay the required employee

fringe benefit contributions due and owing to the Health Fund for hours worked by 3P's

employees for the months of November 2018 through July 2019, and owes contributions in the

amount of $3,008.00 liquidated damages in the amount of $601.60, and interest through

December 19, 2019 in the amount of $254.66 for those months.

19.     Based on the failure of 3P to pay employee fringe benefit contributions in

a timely manner for prior months, the Health Fund believes that 3P will fail to pay employee

fringe benefit contributions in a timely manner for work performed in future months.

WHEREFORE, the Health Fund prays:

a.     That this Court order 3P to make all of its wage and business records

available to the Health Fund's auditors to determine the exact amount owed for November 2018

through July 2019, and if applicable, any periods subsequent to the filing of this complaint and

prior to the entry of judgment;

b.     That judgment be entered against 3P in the amount of $3,864.26,

which includes $3,008.80 in unpaid contributions for the months of November 2018 through July

2019, liquidated damages in the amount of $601.60 for those months, and interest owed through

December 19, 2019 in the amount of $254.66 for those months;

c.     That judgment be entered against 3P in the amount of any unpaid

contributions, if any, that accrue or that are otherwise discovered upon audit subsequent to the

filing date of this complaint and prior to entry of judgment, together with interest at the rate of

- 8 -

eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

        d.    That the Health Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

        e.    That 3P be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

        f.    That such other relief be granted as this Court deems just and proper.

## Count Two
## ERISA Section 515 Claim of Pension Fund Against 3P

20.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-19.

21.    3P has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes contributions in the amount of $3,200.00, liquidated damages in the amount of $640.00, and interest owed through December 19, 2019 in the amount of $271.43 for those months.

22.    Based on the failure of 3P to pay employee fringe benefit contributions in a timely manner for the prior months, the Pension Fund believes that 3P will fail to pay employee fringe benefit contributions in a timely manner for work performed in future months.

WHEREFORE, the Pension Fund prays:

        a.    That this Court order 3P to make all of its wage and business records available to the Pension Fund's auditors to determine the exact amount owed for

November 2018 through July 2019, and if applicable, any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against 3P in the amount of $4,111.43, which includes $3,200.00 in unpaid contributions for the months of November 2018 through July 2019, liquidated damages in the amount of $640.00 for those months, and interest owed through December 19, 2019 in the amount of $271.43 for those months;

c.      That judgment be entered against 3P in the amount of all unpaid contributions, if any, that accrue or that are otherwise discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

d.      That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

e.      That 3P be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

f.      That such other relief be granted as this Court deems just and proper.

## Count Three
## ERISA Section 515 Claim of Annuity Fund Against 3P

23.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-22.

24.      3P has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Annuity Fund for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes contributions in the

amount of $320.00, liquidated damages in the amount of $64.00, and interest owed through December 19, 2019 in the amount of $27.14 for those months.

       25.     Based on the failure of 3P to pay employee fringe benefit contributions in a timely manner for the prior months, the Annuity Fund believes that 3P will fail to pay employee fringe benefit contributions in a timely manner for work performed in future months.

      WHEREFORE, the Annuity Fund prays:

       a.     That this Court order 3P to make all of its wage and business records available to the Annuity Fund's auditors to determine the exact amount owed for November 2018 through July 2019, and if applicable, any periods subsequent to the filing of this complaint and prior to the entry of judgment;

       b.     That judgment be entered against 3P in the amount of $411.14, which includes $320.00 in unpaid contributions for the months of November 2018 through July 2019, liquidated damages in the amount of $64.00 for those months, and interest owed through December 19, 2019 in the amount of $27.14 for those months;

       c.     That judgment be entered against 3P in the amount of all unpaid contributions, if any, that accrue or that are otherwise discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

       d.     That the Annuity Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

       e.     That 3P be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

f.        That such other relief be granted as this Court deems just and

proper.

**Count Four**
**ERISA Section 515 Claim of Health Fund Against 3P**
**(Vacation Contributions)**

26.        Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-25.

27.        3P has failed and refused to file reports and remit the required wage

deductions due and owing  to the Health Fund for hours worked by 3P's employees for the

months of November 2018 through July 2019 , and owes wage deductions in the amount of

$640.00, liquidated damages in the amount of $128.00, and interest owed through December 19,

2019 in the amount of $54.29 for those months.

28.        Based on the failure of 3P to remit the required wage deductions in a

timely manner for prior months, the Health Fund believes that 3P will continue to fail to remit

the required wage deductions in a timely manner for work performed in future months.

WHEREFORE, the Health Fund prays:

a.        That this Court order 3P to make all of its wage and business

records available to the Health Fund's auditors to determine the exact amount owed for

November 2018 through July 2019, and if applicable, any periods subsequent to the filing of this

complaint and prior to the entry of judgment;

b.        That judgment be entered against 3P in the amount of $822.29,

which includes $640.00 in diverted wage deductions for the months of November 2018 through

July 2019, liquidated damages in the amount of $128.00 for those months, and interest owed

through December 19, 2019 in the amount of $54.29 for those months;

c.      That judgment be entered against 3P in the amount of all diverted

wage deductions, if any, that accrue or that are otherwise discovered upon audit subsequent to

the filing date of this complaint and prior to entry of judgment, together with interest at the rate

of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent

(20%) of the principal amount of such wage deductions;

d.      That the Health Fund be afforded post-judgment interest,

reasonable attorneys' fees, and its costs;

e.      That 3P be ordered to comply with the terms of the CBA regarding

filing of the remittance reports and payment of contributions in the future; and

f.      That such other relief be granted as this Court deems just and

proper.

### Count Five
### Union's Claim Against 3P for Breach of CBA (Union Dues)

29.      Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-28.

30.      3P has failed and refused to file reports and remit the required wage

deductions due and owing to the Union for hours worked by 3P's employees for the months of

November 2018 through July 2019, and owes wage deductions for Union dues in the amount of

$3,711.20 and interest owed through December 19, 2019 in the amount of $416.98 for those

months.

31.      Based on the failure of 3P to remit the required wage deductions in a

timely manner for prior months, the Union believes that 3P will continue to fail to remit the

required wage deductions in a timely manner for work performed in future months.

WHEREFORE, the Union prays:

- 13 -

a.      That this Court order 3P to make all of its wage and business records available to the Union's auditors to determine the exact amount owed for November 2018 through July 2019, and if applicable, any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against 3P in the amount of $4,128.18, which includes $3,711.20 in diverted wage deductions for the months of November 2018 through July 2019 and interest owed through December 19, 2019 in the amount of $416.98 for those months;

c.      That judgment be entered against 3P in the amount of all diverted wage deductions, if any, that accrue or that are otherwise discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

d.      That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e.      That 3P be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

f.      That such other relief be granted as this Court deems just and proper.

**Count Six**
**Union's Claim Against 3P for Breach of CBA (Target Contributions)**

32.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-31.

33.      3P has failed and refused to file reports and remit the required wage deductions due and owing to the Union for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions for Target contributions in the

amount of $3,212.00, liquidated damages in the amount of $642.40 and interest owed through December 19, 2019 in the amount of $362.08 for those months.

34.     Based on the failure of 3P to remit the required wage deductions in a timely manner for prior months, the Union believes that 3P will fail to remit the required wage deductions in a timely manner for work performed in future months.

WHEREFORE, the Union prays:

a.     That this Court order 3P to make all of its wage and business records available to the Union's auditors to determine the exact amount owed for November 2018 through July 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against 3P in the amount of $4,216.48, which includes $3,212.00 in diverted wage deductions for the months of November 2018 through July 2019, liquidated damages in the amount of $642.40 for those months, and interest owed through December 19, 2019 in the amount of $362.08 for those months;

c.     That judgment be entered against 3P in the amount of all diverted wage deductions, if any, that accrue or that are otherwise discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

d.     That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e.     That 3P be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

- 15 -

f.      That such other relief be granted as this Court deems just and proper.

**Count Seven**
**Council's Claim Against 3P for Breach of CBA**

35.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.     3P has failed and refused to file reports and remit the required wage deductions due and owing to the Council for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions in the amount of $233.60 and interest owed through December 19, 2019 in the amount of $26.33 for those months.

37.     Based on the failure of 3P to remit the required wage deductions in a timely manner for prior months, the Council believes that 3P will fail to remit the required wage deductions in a timely manner for work performed in future months.

WHEREFORE, the Council prays:

a.      That this Court order 3P to make all of its wage and business records available to the Council's auditors to determine the exact amount owed for November 2018 through July 2019, and if applicable, any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against 3P in the amount of $259.93, which includes $233.60 in diverted wage deductions for the months of November 2018 through July 2019 and interest owed through December 19, 2019 in the amount of $26.33 for those months;

c.      That judgment be entered against 3P in the amount of all diverted wage deductions, if any, that accrue or that are otherwise discovered upon audit subsequent to

- 16 -

the filing date of this complaint and prior to entry of judgment, together with interest at the rate

of eighteen percent (18%) per annum;

        d.    That the Council be afforded post-judgment interest, reasonable

attorneys' fees and its costs;

        e.    That 3P be ordered to comply with the terms of the CBA regarding

filing of the remittance reports and remittance of wage deductions in the future; and

        f.    That such other relief be granted as this Court deems just and proper.

**Count Eight**
**ERISA Breach of Fiduciary Duty Claim of Health Fund, Pension Fund,  and Annuity Fund, Against President**

        38.    Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-37.

        39.    Under President's direction and control, 3P has failed and refused to file

reports and pay the required employee fringe benefit contributions and remit the required wage

deductions due and owing to the Health Fund, Pension Fund, and Annuity Fund, (collectively,

the "Benefit Funds") for hours worked by 3P's employees for the months of November 2018

through July 2019, and owes contributions and wage deductions in the amount of $7,168.00 and

interest owed through December 19, 2019 in the amount of $607.52.

        40.    Based on the failure of 3P to pay employee fringe benefit contributions

and remit the required wage deductions in a timely manner for prior months, the Benefit Funds

believe that 3P, under the President's direction and control, will fail to pay employee fringe

benefit contributions and remit the required wage deductions in a timely manner for work

performed in future months.

        WHEREFORE, the Benefit Funds pray:

a.     That judgment be entered against President in the amount of $7,775.52, which includes $7,168.00 in unpaid employee fringe benefit contributions and diverted wage deductions for the months of November 2018 through July 2019 and interest owed through December 19, 2019 for those months in the amount of $607.52;

b.     That judgment be entered against President in the amount of all unpaid employer fringe benefit contributions and diverted wage deductions, if any, that accrue or that are otherwise discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, together with interest;

c.     That the Benefit Funds be afforded post-judgment interest, reasonable attorneys' fees and its costs; and

d.     That such other relief be granted as this Court deems just and proper.

<u>**Count Nine**</u>
<u>**MWPCL Claim Against 3P and President (Union Dues)**</u>

41.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-40.

42.     3P has failed and refused to file reports and remit the required wage deductions due for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions for Union dues in the amount of $3,711.20.

WHEREFORE, the Union prays on behalf of its members:

a.     That judgment be entered against 3P in an amount equal to $11,133.60 (three times $3,711.20) for diverted wage deductions for the months of November 2018 through July 2019;

b.     That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

- 18 -

c.    That judgment be entered against President as described in subparagraphs a and b of this Count; and

d.    That such other relief be granted as this Court deems just and proper.

**Count Ten**
**MWPCL Claim Against 3P and President (Target Contributions)**

43.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-42.

44.    3P has failed and refused to file reports and remit the required wage deductions due for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions for Target contributions in the amount of $3,212.00.

WHEREFORE, the Union prays on behalf of its members:

a.    That judgment be entered against 3P in an amount equal to $9,636.00 (three times $3,212.00) for diverted wage deductions for the months of November 2018 through July 2019;

b.    That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.    That judgment be entered against President as described in subparagraphs a and b of this Count; and

d.    That such other relief be granted as this Court deems just and proper.

7488737.2 97097/105095 01/17/2020

**Count Eleven**
**MWPCL Claim Against 3P and President (Contributions to Council)**

45.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-44.

46.     3P has failed and refused to file reports and remit the required wage deductions due for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions for contributions to the Council in the amount of $233.60.

WHEREFORE, the Council prays on behalf of its members:

a.     That judgment be entered against 3P in an amount equal to $700.80 (three times $233.60) for diverted wage deductions for the months of November 2018 through July 2019;

b.     That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.     That judgment be entered against President as described in subparagraphs a and b of this Count; and

d.     That such other relief be granted as this Court deems just and proper.

**Count Twelve**
**MWPCL Claim Against 3P and President (Vacation Fund Contributions)**

47.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-46.

48.     3P has failed and refused to file reports and remit the required wage deductions due for hours worked by 3P's employees for the months of November 2018 through July 2019, and owes wage deductions for Vacation Fund contributions to the Health Fund in the amount of $640.00.

7488737.2 97097/105095 01/17/2020

WHEREFORE, the Council prays on behalf of its members:

e.      That judgment be entered against 3P in an amount equal to $1,920.00 (three times $640.00) for diverted wage deductions for the months of November 2018 through July 2019;

f.      That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

g.      That judgment be entered against President as described in subparagraphs a and b of this Count; and

h.      That such other relief be granted as this Court deems just and proper.

## **CONCLUSION**

49.      Where Plaintiffs incorporate the allegations set forth in paragraphs 1-48, and seeks recovery pursuant to: (i) Counts One through Four, in the total amount of $9,209.12, plus any unpaid contributions that accrue or that otherwise are discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, plus any applicable interest, including post-judgment interest, liquidated damages, reasonable costs and attorneys' fees; (ii) Counts Five through Seven, in the total amount of $8,604.59, plus any unpaid contributions that accrue or that otherwise are discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, plus any applicable interest, including post-judgment interest, liquidated damages, reasonable costs and attorneys' fees; (iii) Count Eight, in the amount of $7,775.52, plus any unpaid contributions that accrue or that otherwise are discovered upon audit subsequent to the filing date of this complaint and prior to entry of judgment, plus applicable interest, including post-judgment interest, reasonable costs and attorneys' fees; and (iv) Counts

Nine through Twelve, in the total amount of $23,390.40, plus applicable interest, including post-judgment interest, and reasonable costs and attorneys' fees.

Date:  January  17, 2020                              _____*/s/ Robert A. Gaumont*_____
                                                     Robert A. Gaumont (Fed Bar. No. 26302)
                                                     Gordon Feinblatt LLC
                                                     233 East Redwood Street
                                                     Baltimore, Maryland 21202
                                                     Tel: 410-576-4007
                                                     Fax: 410-576-4269
                                                     rgaumont@gfrlaw.com

                                                     *Attorney for Plaintiffs*